UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO. 5:09cv914 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| ADVANCED MEDICAL RESOURCES, INC., et al. | ) ) ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | (Resolving Doc. 72) |

This matter is before the Court on Defendants Advanced Medical Resources, Gulf Coast Open MRS Unit, Northland Imaging, and Open MRI of Wichita's motion for reconsideration of this Court's December 20, 2010 grant of summary judgment to Plaintiff Hitachi (Doc. 71).  For the reasons that follow, Defendants' motion (Doc. 72) is GRANTED in part and DENIED in part.

As the Court advised the parties at the damages hearing held on January 10, 2011, the bulk of Defendants' motion for reconsideration are overruled as merely restatements of their original summary judgment arguments.  However, to the extent that Defendants' point out that the Court did not expressly rule on Count IV of their counterclaim, Defendants' motion to reconsider is granted so that the Court can properly dismiss that claim as set forth below.

**Count IV-Unjust Enrichment**

Count IV of Defendants' counterclaim is a claim for unjust enrichment for overpayments made to Hitachi by Witchita.  "A claim for unjust enrichment is an equitable claim, and is based on a legal fiction where courts will imply a 'contract' as a matter of law.  See *Wuliger v. Mfrs.*

*Life Ins. Co.* (USA), 567 F.3d 787, 799 (6th Cir.2009) ('Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another.')" *C. Thorrez Industries, Inc. v. LuK Transmissions Systems, LLC*, 2010 WL 1434326 (N.D. Ohio, Apr. 8, 2010).

It is clear that "[a]n implied-in-law, 'quasi-contract,' however, is neither necessary nor appropriate when an express contract governs the dispute between the parties." *Id.*  As the Court noted in its grant of Hitachi's motion for summary judgment, the SMA at issue was a valid contract to which Wichita was a party.  "'Where, however, there is an enforceable express or implied in fact contract that regulates the relations of the party or that part of their relations about which issues have arisen, there is no room for quasi contract.'" *Id.,* quoting 1-1 Corbin On Contracts § 1.20 (emphasis added).  Accordingly, because the Court concludes that there was an enforceable express contract between Hitachi and Wichita, the Court dismisses Count IV of Defendants' counterclaim.

## **CONCLUSION**

Defendants' motion to reconsider is GRANTED to the extent that the Court did not expressly rule on Count IV of their counterclaim.  Upon review, the Court DISMISSES Count IV of Defendants' counterclaim.  The remaining portion of Defendants' motion to reconsider is DENIED.

IT IS SO ORDERED.

February 11, 2011                    */s/ John R. Adams*
                                      JUDGE JOHN R. ADAMS
                                      UNITED STATES DISTRICT COURT