UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO. 5:09cv914 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| ADVANCED MEDICAL RESOURCES, INC., et al. | ) ) ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | (Resolving Doc. 88) |

This matter is before the Court on Plaintiff's, Hitachi Medical Systems ("Hitachi"), motion to reconsider the interest rate awarded in the Court's February 11, 2011 judgment entry. This motion is GRANTED to the extent that Hitachi points out that this Court awarded interest at the statutory rate rather than the contract rate.

**STATUTORY INTEREST vs. LAWFUL RATE**

In the Court's judgment entry (Doc. 87) resolving Hitachi's motion for attorney fees and costs (Doc. 74) the Court stated that it did "not intend to calculate the statutory interest rate at issue in this case. Although the parties recognize that the SMA anticipated interest at either 1.5% or the statutory rate, which was the lowest, neither party has attempted to calculate the rate for the Court. Given that the Court has informed the parties that the rate at issue will be the statutory rate, the Court deems this matter closed." In its motion for reconsideration of this conclusion, Hitachi notes that the SMA states in relevant part that "Invoices not paid within ten (10) days of the invoice date will have a 1.5 percent per month interest charge, or the *highest lawful rate*, whichever is less, assessed against the unpaid balance from the date of the invoice

until the date of payment." (Emphasis added.) Hitachi contends in its motion for reconsideration of this issue, for the first time, that the statutory rate is the *default* rate, not the highest rate permitted by law and further that there is no maximum limit to the interest rate on an obligation of a corporation. Therefore, the lowest applicable rate in this case is the contract rate of 1.5%. The Court notes that despite the contentious nature of this case and the voluminous filings regarding costs and fees, the issue as stated in Hitachi's motion for reconsideration was never mentioned or explained to the Court. Instead, Hitachi simply asserted conclusory statements that the contract rate applied, and never attempted to support this contention with the case law it now cites nor attempted to illustrate to the Court the alternative rate in an effort to prove that the contract rate was indeed the lowest applicable rate. Neither party explained the difference between the statutory rate and "highest lawful rate." Instead, Hitachi states here that "[b]ased upon the express language of the SMA, it appeared clear that the contract interest rate was less than the highest lawful rate, and thus specific issue was never in dispute."

The Court does not agree with Hitachi's contention that this issue was never in dispute as the pre and post-judgment interest rate at issue was vigorously argued. For example, in its initial motion for attorney fees and costs (Doc. 74), Hitachi simply requested interest at the contract rate of 1.5%. Defendants contested this amount. Hitachi then stated in its reply (Doc. 76) that "Ohio law is clear that 'a judgment creditor is entitled to an interest rate in excess of the statutory interest rate pursuant to R.C. 1343.03(A) when (1) the parties have a written contract, and (2) that contract provides a rate of interest with respect to money that becomes due and payable.'" Thus, it appears that Hitachi was arguing for the contract rate in lieu of the statutory rate. Repeated references to the statutory rate of interest are made throughout the parties' filings. In its order disposing of this issue, the Court declined to calculate the statutory interest rate because

the parties declined to do so themselves. Upon review of the cases cited by Hitachi, the Court, however, is convinced that Hitachi's reading of the SMA as stated in its motion for reconsideration is correct and therefore reconsiders its decision granting Hitachi interest at the statutory rate. Hitachi shall be awarded interest at the contract rate of 1.5% per month.

The Court notes that Defendants request that, shall it reconsider its decision awarding Hitachi the statutory rate, it should also reconsider the Court's grant of the statutory rate on the overpayments made by Open MRI of Wichita. The Court declines to do so because these payments are not contemplated by the SMA and therefore are not governed by contract. Thus, the statutory interest rate is the applicable rate.

## **CONCLUSION**

Plaintiff's motion for reconsideration is GRANTED. The Court concludes that regarding pre and post-judgment interest, Hitachi is entitled to the contract rate of 1.5% per month.

IT IS SO ORDERED.

March 22, 2011                  /s/ *John R. Adams*
                                                     JUDGE JOHN R. ADAMS
                                                     UNITED STATES DISTRICT COURT